PATTERSON, Judge.
Michael Russ appeals the summary denial of his petition for post-conviction relief, filed pursuant to A.R.Cr.P. 32. The petition, which was filed on October 26, 1992, in the Circuit Court of Montgomery County, states that the appellant was convicted on September 20,1991, of attempted murder, of burglary in the third degree, and of theft of property in the first degree, and that on those convictions he was sentenced to life imprisonment without the possibility of parole, to imprisonment for 15 years, and to life imprisonment, respectively. The sentences were ordered to be served concurrently. The appellant appealed those convictions to this court, and we affirmed them on March 28, 1992. Russ v. State, 602 So.2d 1232 (Ala.Cr.App.1992). The Alabama Supreme Court denied certiorari review.
In attacking the validity of his convictions, the appellant alleges numerous grounds in his petition. He alleges, inter alia, that his convictions were obtained by the failure of the state to disclose to him evidence favorable to him; that the trial court was without jurisdiction to render judgment or to impose sentences; that newly discovered evidence required that the judgment be vacated and that a new trial be granted; that he had received inadequate notice that the state intended to invoke the Alabama Habitual Felony Offender Act; and that his trial counsel was ineffective, citing numerous examples of why he thinks his counsel was ineffective. The record reflects that the state filed no response to the petition and that the trial court entered its order summarily denying it on November 18, 1992.
The state has filed a motion asking that we remand this case to the trial court with instructions that it order the district attorney to file an appropriate response to the appellant’s petition, in accordance with A.R.Cr.P. 32.7(a), and that the trial court be instructed to make written findings, giving its reasons for denying the petition. The state’s motion is well taken and, under the circumstances presented here, is due to be granted.
We, therefore, remand this case to the trial court with instructions that it order the district attorney to file, on behalf of the state, an appropriate response to the petition. We further instruct the trial court to take whatever action it deems appropriate once the state’s response is filed. Should the trial court determine that its order denying the petition should stand, it shall make written *21 findings giving its reasons for denying the petition. A return should be filed with this court within 28 days from the date of this opinion, reflecting the action taken in the trial court.
MOTION GRANTED; REMANDED WITH INSTRUCTIONS.
All Judges concur.